William Lincoln Woodall v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-157-CR

     WILLIAM LINCOLN WOODALL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 96-01-11903 BCCR 
                                                                                                                

O P I N I O N
                                                                                                                
 
      A jury convicted William Lincoln Woodall of possession of a firearm by a felon and sentenced
him to seven years in prison. See Tex. Penal Code Ann. § 46.04 (Vernon 1994). Woodall
appeals this conviction arguing that the State violated Rule 404(b)’s notice requirement when it
failed to notify him that it planned to introduce testimony of his prior possession of a firearm. We
will affirm.
      On January 5, 1996, Michael Harcourt, accompanied by Woodall, was driving to Reed Ranch
when police stopped them for a routine traffic violation. When one of the officers, David Booker,
walked up to the vehicle, he noticed two rifle cases in the back of the truck. He asked Harcourt
and Woodall where they were going, and they responded that they were going hunting. Woodall
told Officer Booker that one of the rifles belong to him. During this exchange, Booker smelled
marijuana and discovered Woodall in possession of the substance. After arresting him for
possession of marijuana, Officer Booker ran a check on Woodall and found that he was a
convicted felon. Thus, Woodall was also charged with unlawful possession of a firearm by a
felon.
      In his sole point of error, Woodall complains that the court improperly admitted testimony
concerning his prior possession of the rifle. He asserts that this testimony concerns extraneous-offense evidence and the court should have excluded it because the State failed to give him proper
notice of its intent to introduce the testimony as Rule 404(b) requires.
      We will not disturb a trial court’s decision to admit or exclude evidence absent an abuse of
discretion. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Saenz v. State, 843
S.W.2d 24, 26 (Tex. Crim. App. 1990); Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990). Thus, if a ruling is within the zone of reasonable disagreement, we will not
reverse. Green, 934 S.W.2d at 102; Montgomery, 810 S.W.2d at 391.
      After reviewing the record, we conclude that the trial court did not abuse its discretion in
admitting the testimony concerning Woodall’s prior conduct related to the rifle. The record shows
that the State presented evidence that Woodall owned one of the rifles discovered by the police
when they arrested him. The State called Billy Evans to testify on its behalf. Woodall objected,
contending that Evans planned to testify about an extraneous offense and that the State failed to
notify him about this testimony. The State, however, argued that Evans’ testimony was not about
an extraneous offense because it was evidence of ownership, not possession. Admonishing the
State to question Evans only about ownership, the court allowed him to testify. After identifying
the rifle as the one that he had seen earlier at a deer camp where Woodall was hunting, Evans
testified that when he asked about the rifle, Woodall admitted that he owned it.
      [Prosecutor]: Okay. Now, on that occasion did Mr. William Lincoln Woodall 
                          make a statement to you as to the ownership of that gun?
      [Evans]:       Yes, sir.
      [Prosecutor]: Who did he say was the owner?
      [Evans]:       It’s his gun.
      [Prosecutor]: It was the Defendant’s gun?
      [Evans]:       Yes, sir.
      To constitute evidence of an extraneous offense, the evidence must demonstrate that an offense
or bad act was committed and that the defendant committed or was connected to that offense or
bad act. Lockhart v. State, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992); Laca v. State, 893
S.W.2d 171, 186 (Tex. App.—El Paso 1995, pet. ref’d); Martin v. State, 823 S.W.2d 726, 729
(Tex. App.—Waco 1992, pet. ref’d). Arguing that this evidence is not about an extraneous
offense, the State draws a distinction between possession and ownership. It asserts that although
section 46.04 prohibits the possession of a firearm by a convicted felon, it does not outlaw
ownership of one. See Tex. Penal Code Ann. § 46.04(a). We agree. The Penal Code defines
“possession” as “actual care, custody, control, or management.” Id. § 1.07(39) (Vernon 1994). 
“Owner” means a person who “has title to the property, possession of the property, whether
lawful or not, or a greater right to possession of the property than the actor.” Id. § 1.07(35)(A). 
According to these definitions, it is possible for a person to have title to a gun without having
actual care, custody, control, or management of it.
      Here, the State elicited only about whether Woodall owned the gun, not whether he had actual
care, control, custody, or management. We conclude that the court properly excluded testimony
of Woodall’s actual care, control, custody, or management of the gun and acted within its
discretion in concluding that Evans’ testimony concerning ownership did not constitute evidence
of the extraneous offense of possession of a firearm. Moreover, although Evans did eventually
testify to Woodall’s possession of the rifle, Woodall elicited this testimony, not the State.
      [Defense]:   You never saw [Woodall] here have the weapon, did you?
      [Evans]:      I seen it in his hands, yes, sir.
Evan’s testimony did not become extraneous-offense evidence until Woodall asked a question
about possession. Thus, as the court noted, “I don’t think you can throw the skunk in the box,
then complain about it.”
      Woodall’s point is overruled, and the judgment is affirmed.
 
                                                                               BILL VANCE
                                                                               Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed March 19, 1997
Do not publish